IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILDEARTH GUARDIANS,

       Plaintiff,

vs.                                                                                          Civ. No. 10-CV-00741 RHS/LFG

U.S. DEPARTMENT OF AGRICULTURE,
ANIMAL AND PLANT HEALTH
INSPECTION SERVICE,

       Defendants,


**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

      THIS MATTER comes before the Court to consider Defendant's Motion for Summary Judgment **[Doc. 12]**, filed December 14, 2010.  The Court has reviewed the parties' submissions, the relevant authorities, and is otherwise advised of the premises.  The Court finds that the Defendant's motion is not well-taken and will be denied.

*Background*

      Prior to filing this lawsuit, Plaintiff WildEarth Guardians ("Guardians") requested that the Animal and Plant Health Inspection Service, an agency of the United States Department of Agriculture ("APHIS") produce documents pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq (2009).  APHIS produced 42 pages of documents, but Guardians alleges that APHIS failed to fully comply with FOIA.  The dispute regarding FOIA compliance is the basis for Guardians' Complaint for Declaratory and Injunctive Relief [Doc. 1], filed on August 9, 2010.  APHIS contends that it has fully complied with FOIA, and therefore

moves for summary judgment.  APHIS' factual basis for the motion is that it performed an adequate search reasonably calculated to uncover responsive records, and that it provided 42 pages of responsive documents to Guardians' request.

### *Standard of Review*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Summary judgment is improper "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact." Jeffrey v. Sarasota White Sox, Inc. 64 F.3d 590, 594 (11th Cir. 1995).  The court reviews the record "in the light most favorable to the party opposing summary judgment." Seamons v. Snow, 206 F.3d 1021, 1026 (10th Cir. 2000).

Summary judgment in a FOIA case is appropriate when an agency "demonstrates that it has fully discharged its obligations under the FOIA." Williams v. Department of Veterans Affairs, 510 F. Supp. 2d 912, 920 (M.D. Fla. 2007) (quoting Wilbur v. Central Intelligence Agency, 273 F.Supp.2d 119, 124 (D.D.C.2003)).  "Specifically, the agency must show that each document requested has either been produced, is unidentifiable or is exempt from the FOIA's disclosure requirements." Id.

### *Discussion*

After reviewing the pleadings, including the affidavits, declarations and other exhibits, the Court finds that the movant has not met its burden to show that there is not any genuine dispute regarding the material facts and that APHIS is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).  The pleadings indicate that there is a genuine dispute regarding material facts, which precludes the entry of summary judgment.

In its motion [Doc. 12], APHIS has not made a clear statement of material facts that are not in dispute. Local Rule requires that the movant do so. District of New Mexico Local Rule 56.1(b) states, "The memorandum in support of the motion must initially set out a concise statement of all of the material facts as to which movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies." APHIS' brief does contain a numbered list starting on page six, but the list appears to be a recitation of Guardians' FOIA request and not an undisputed material facts list. Because APHIS did not specify which facts are undisputed, it is difficult for the Court to determine which facts could entitle APHIS to summary judgment. Further, the Court must review the case in the light most favorable to the non-moving party, Seamons v. Snow, 206 F.3d 1021, 1026 (10th Cir. 2000), so the ambiguity regarding the facts that could entitle APHIS to summary judgment is construed in favor of Guardians.

In its response [Doc. 18] to the summary judgment motion, Guardians states that "it can show that there is a genuine issue of material fact as to whether APHIS has made a good faith effort to conduct a reasonable search to retrieve and produce the information specifically requested in the subject FOIA request." [Doc. 18 at page 5]. Four items in the brief support this assertion: (A) information as to expenditures incurred on threatened and endangered species protection, (B) information as to expenditures incurred on beaver eradication, (C) line-item budget information available to APHIS, and (D) requests for proposals for fixed-wing aircraft services to support predator control activities.

For item (A), Guardians requested "separate, detailed, line-item expenditures for all program areas, including: a) threatened and endangered species protection...." [Doc. 15-1]. APHIS responded to the FOIA request via letter dated June 14, 2010 and stated, "The program

office has advised that the information you requested is not maintained in a separate, detailed, or line-item expenditure format.  Therefore, we have provided you with the information in the format in which it is maintained." [Doc. 12-4].  The September 28, 2010 affidavit of John A. Sinclar, Deputy Director for Administration, APHIS, United States Department of Agriculture, declares, "No documents were located with the amount of detail requested by WildEarth Guardians because the information requested is a combination of financial and operational data which are maintained within separate databases that are not interactive and do not share or cross link data." [Doc. 12-1].  Despite the affidavit that such documents do not exist, Guardians discovered a pie chart online titled "Projects and Expenditures for Conservation of Threatened and Endangered Species by Wildlife Services - FY 2008."  This pie chart states the separate dollar amount for plant, reptile, amphibian, bird, bivalve, fish, insect and mammal programs.

For item (B), Guardians requested budget information for the beaver eradication program.  The agency did not produce any documents relevant to beaver eradication expenses, and neither the June 14, 2010 letter from APHIS to Guardians [Doc. 12-4] nor the affidavits of John Sinclair [Doc. 12-1 and 12-2] mention why the agency did not produce any documents for this program.  Even though APHIS did not produce any responsive documents, Guardians acquired a document which states, "APHIS conducts Statewide beaver damage management programs in 39 States." [Doc. 15-8 page 2].  The document provides cost-benefit analyses that are presumably based on the beaver eradication program budget.  If this budget exists, it is not clear why APHIS did not produce it in response to the FOIA request.

For item (C), Guardians requested separate, detailed, line-item expenditures for five programs.  APHIS responded by stating that "the information you requested is not maintained in a separate, detailed, or line-item expenditure format." [Doc. 12-4, at page 1].  APHIS did not

produce documents that provide the detail sought by Guardians, but Guardians did obtain APHIS documents from another source that indicate that APHIS has more specific budgetary information than it provided in response to the FOIA request. [Doc. 15-8, 15-9, 15-10].

For item (D), Guardians requested expenditures related to aerial gunning in the livestock and agricultural services program.  Similar to item (B), neither the June 14, 2010 letter from APHIS [Doc. 12-4] nor the affidavits of Deputy Director John Sinclair explain why the agency did not produce any responsive documents.  The 42 pages produced by APHIS appear not to address this issue. [Doc. 12-4].  However, Guardians obtained documents relevant to APHIS' solicitation for bids for "fixed-wing aircraft services to support predator control activities." [Doc. 15-11 – 15-4].  If APHIS solicited bids for flight services to control predators, perhaps there are documents responsive to the request for expenses related to aerial gunning in the livestock program.

APHIS's reply brief does not specifically address let alone controvert these four examples of material, disputed facts discussed in Guardians' response brief and above.  While it is premature at this stage of the lawsuit to determine whether these situations constitute violations of FOIA, the pleadings do make clear that the parties are not in agreement regarding the material facts that are relevant to determining if a FOIA violation has occurred.

The disputed issues of material fact preclude summary judgment, which is the basis for the Court denying APHIS' motion.  However, it is also worth noting that the crux of the argument for why this lawsuit should be terminated before the parties conduct discovery is that APHIS either does not know how it spends millions of dollars of taxpayer funds, or it is not responsible for providing a more detailed accounting when asked.  As the name suggests, the

Freedom of Information Act, 5 U.S.C. § 552, encourages public servants to take a different position with regard to accountability and disclosure.

  **WHEREFORE**,

  **IT IS ORDERED** that Defendant's Motion for Summary Judgment **[Doc. 12]** is **denied**.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE