IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WILDEARTH GUARDIANS,**

        Plaintiff,

vs.                                                                Civ. No. 10-CV-00741 RHS/LFG

**U.S. DEPARTMENT OF AGRICULTURE,**
**ANIMAL AND PLANT HEALTH**
**INSPECTION SERVICE,**

        Defendant,

**ORDER GRANTING WILDEARTH GUARDIANS'**
**MOTION TO COMPEL ANSWERS TO WRITTEN DISCOVERY REQUESTS**

        THIS MATTER comes before the Court on WildEarth Guardians' Motion to Compel Answers to Written Discovery Requests (Doc. 29).  After reviewing Defendant's Response (Doc. 32), Plaintiff's Reply (Doc. 34), and all of the filings in the above-captioned cause, the Court concludes that the motion is well-taken and will be granted.

        Plaintiff served its First Set of Discovery Requests on July 25, 2011 (Doc. 24). Defendant did not respond at all and the Court is not privy as to the reason why Defendant did not attempt to comply.  On September 6, 2011, Plaintiff moved for an extension of discovery (Doc. 25) and Defendant did not respond to the motion, which the Court granted (Doc. 27). Plaintiff served its Second Set of Written Discovery Requests on October 12, 2011 (Doc. 28).

        Defendant's responses to Plaintiff's Second Set of Written Discovery Requests (Doc. 29-2) are generally non-responsive.  Plaintiff sued Defendant for information regarding government spending, and the discovery responses express a lack of interest in accounting for taxpayer funds.  For example, Defendant repeatedly objects that Plaintiff's inquiries are "out of the scope

of the original request," presumably referencing Plaintiff's Freedom of Information Act (FOIA) request (Doc. 29-2 at 1).  However, Defendant does not even attempt to explain how this excuses compliance with the rules of discovery now that the issue has evolved from a FOIA request to litigation.  In response to Requests for Production #1 and #5 (Doc. 29-2 at 12 and 15), Defendant states that the documents requested are for government "employee use only."  Again, Defendant has failed to articulate a legitimate objection that would excuse compliance with discovery.  In response to Interrogatory #5, Defendant states that "Detailed information . . . would need to be provided by APHIS or the Department" (Doc. 29-2 at 5; see also Response to Request for Production # 2, Doc. 29-2 at 13).  Given that the discovery requests were made to Defendant and Defendant *is* APHIS within the Department of Agriculture, it is perplexing why Defendant does not simply provide the information sought rather than refer to itself as a third party.  Defendant also refers to having already provided the information outside of discovery (see Doc. 29-2 at 3 for an example), but again this does not excuse Defendant from responding directly to discovery requests.

    Defendant also frequently refers to information that it "could" produce.  In response to Request for Production #1, Defendant states "WS could provide one or two paragraphs describing the database in the detail requested," (Doc. 29-2 at 12), "WS could pull information on the tables and fields pertinent to the FOIA request," (Doc. 29-2 at 12), "We could provide this information with a query of the MIS database" (Doc. 29-2 at 14) and "Only a few activities such as aerial gunning may be able to be queried for time spent" (Doc. 29-2 at 11).  It is unknown to the Court why Defendant admits that it can produce the information, but failed to do so.

    As a final example of Defendant's curious non-production, in response to Requests for Production #8 and #9, Defendant states, "There is no single source for the information," (Doc. 29-2 at 17) but Defendant does not explain how that excuses compliance.  Instead, Defendant

explains the steps Defendant would need to take to obtain the requested information, but does not provide a valid reason as to why Defendant did not take the steps it identified. Defendant also responds, "This request would not provide any further clarification," however under the Rules of Civil Procedure, a party is entitled to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Defendant's 16-page Response (Doc. 32) to Plaintiff's Motion to Compel (Doc. 29) does not cite to any case law relevant to discovery disputes, therefore the Court concludes that Defendant's positions are without legal support. The response brief also does not indicate whether Defendant has considered how the 1996 amendments to FOIA affect Defendant's discovery obligations with regard to digital data.

**THEREFORE IT IS ORDERED** that WildEarth Guardians' Motion to Compel Answers to Written Discovery Requests (Doc. 29) is granted. On or before June 1, 2012, Defendant must serve upon Plaintiff amended and complete discovery responses which do <u>not</u> object on the basis that (1) the request is outside the scope of the FOIA request, (2) information is for government employee use only, (3) information is available from other entities, and (4) information has already been produced prior to discovery. If Defendant wishes to raise an objection that it has not already waived by its failure to respond to Plaintiff's First Set of Discovery Requests (Doc. 24), Defendant's objections must be accompanied by citation to legal authority.

**IT IS FURTHER ORDERED** that the parties personally meet and confer regarding any remaining discovery disputes prior to the filing of any future discovery motions.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE